## JOHN C. BLASDELL *vs.* JOHN SOUTHER.

By an agreement in writing, a firm of two machinists, in consideration of an individual's undertaking to solicit and procure for them contracts for making locomotive engines and tenders, agreed to "allow and pay to him a commission of two and a half per cent. on all their locomotive business, computing the same upon the total amount of sales of locomotives and tenders manufactured and sold by them during the term of five years from the date;" and it was stipulated that if a new partner should be admitted into the firm at any time after the expiration of three years, and should object to the continuance of the agreement, it should be null and void. *Held*, that after a dissolution of the partnership, and a verbal continuance of the agreement with one of the partners, and after the expiration of the three years, the formation of a new partnership between that partner and a third person, who objected to the continuance of the agreement, terminated the agreement; and that no commissions were payable on engines then commenced, but not finished or paid for, though made under contracts procured by such solicitations.

ACTION OF CONTRACT. The parties stated this case : On the 1st of December 1848, Theodore Lyman and John Souther, machinists and copartners under the firm of Lyman & Souther, of the first part, and John C. Blasdell of the second part, made an indenture, the terms of which were these :

"Whereas the said Blasdell proposes to solicit and procure for said parties of the first part contracts for making locomotive engines and tenders ; now the parties of the first part, in consideration of the premises, hereby covenant and agree with the party of the second part that they will allow and pay to him a commission of two and one half per cent. on all their locomotive business, computing the same upon the total amount of sales of locomotives and tenders manufactured and sold by the said Lyman & Souther for and during the term of five years from the date above written. It being further understood and agreed by the party of the second part that, at the expiration of three years from the date hereof, or any time after, should the said parties of the first part make any change in their business, by the admission of other parties as copartners, the said party of the second part binds himself that this instrument shall be wholly null and void, provided the parties so admitted object to this agreement. The said Lyman & Souther agreeing they

13*

will make such payments and at such times as they shall be seasonably required so to do. And the said Blasdell agrees that he will accept said commission of two and a half per cent. on said business, in full compensation for all services by him rendered in recommending the work of said Lyman & Souther, and in introducing customers to them, and obtaining contracts for building locomotives and tenders, and for all other services in and about said business. And it is further agreed by the said Blasdell, that all services by him rendered in the above business shall be exclusively for the benefit of the party of the first part to this agreement."

Lyman & Souther dissolved their partnership on the 31st of December 1849. The plaintiff offered evidence to show that, by a verbal agreement between the plaintiff and the defendant, the contract above set forth should continue between them; but this is in controversy between the parties. On the 1st of January 1852, Souther formed a copartnership with Anderson, who objected to the further continuance of the contract with the plaintiff, of which the plaintiff had notice.

The plaintiff offered evidence to show that, before the formation of the new partnership with Anderson, contracts were made, through the agency of the plaintiff, in Ohio and Pennsylvania, for fifteen locomotive engines; but the engines were not completed, delivered or paid for until after Anderson had come in, when they were delivered, and payment therefor made to the new firm.

If the court be of opinion that the plaintiff is entitled to recover, the disputed facts are to be settled, and the amount of damages determined, by an assessor or a jury, as the court may direct; otherwise, judgment is to be entered for the defendant.

*H. L. Hazelton*, for the plaintiff.

*S. Bartlett & D. Thaxter*, for the defendant.

SHAW, C. J. It was intimated, in the course of the argument, that after the agreement of the plaintiff with Lyman & Souther they had no right to dissolve their partnership to his injury, and that he could recover damage therefor. Whether he could or not is not a question open in this suit; he has sued one only,

instead of both; has offered evidence to prove that it was continued with Souther alone, and his claim is upon this substituted agreement.

We suppose there is no doubt that a valid oral contract may be made upon the basis of a preëxisting contract, either by specialty or by an unsealed written instrument, modifying, changing and altering the terms of the written agreement. *Mill Dam Foundry* v. *Hovey*, 21 Pick. 417. *Cummings* v. *Arnold*, 3 Met. 486.

Supposing it therefore established by proof that, on the retirement of Lyman, the plaintiff and Souther agreed to continue the former contract, we are to inquire what that contract was. Strictly speaking, it was a new contract, because between other parties, but ascertained and regulated by the prior written contract, so that the former written contract must be resorted to, in proof of its terms. But in thus taking the former contract as the basis of the new one, it must of course be taken so far only as applicable, after substituting one instead of two, as the party contracting with the plaintiff; and as nearly as practicable, where it will not apply exactly. When therefore Souther alone took in a new partner, it had the same effect upon the substituted contract, as the taking in of a new partner by Lyman & Souther would have had under the former contract; this being more than three years from the date of the first agreement, and the new partner having objected to the further continuance of the agreement of the plaintiff, on notice thereof given to him, the new contract with the plaintiff terminated.

The next material question is, whether the plaintiff is entitled to recover his commission, for work contracted for by him during the three years, but done or finished by the defendant and his new firm afterwards; and the court are of opinion that he is not.

The compensation to the plaintiff is very exactly defined by the contract; it does not depend at all on the work procured, recommended or contracted for by him; but is a commission on all their locomotive business, computing the same upon the total amount of sales of locomotive engines and tenders manu

factured and sold by Lyman & Souther during the term of five years. This was reduced to three years by the other stipulation. It was on all sales of locomotive engines manufactured and sold. A contract for machines to be built, though at a fixed price, is executory merely; they are not sold; no right of property vests in the purchaser, until they are completed and delivered, and paid for or security taken. *Mixer* v. *Howarth*, 21 Pick. 205. *Spencer* v. *Cone*, 1 Met. 283.

The parties appear to have adopted a basis of computation easily understood, of easy practical application, and the plaintiff is bound by it. By the terms of this contract, we suppose he received his stipulated commission from the commencement of the five years on all their locomotive engines, computed on sales of engines sold within the first year, although such business was done in pursuance of contracts previously made, with which his solicitation or agency had no concern.

We are therefore of opinion that the plaintiff is not entitled to a commission on sales of engines contracted for by him, but not finished, delivered or paid for, till after the term of his contract had expired.          *Judgment for the defendant.*